373 So.2d 412 (1979)
SCHOOL BOARD OF INDIAN RIVER COUNTY, Appellant,
v.
INDIAN RIVER COUNTY EDUCATION ASSOCIATION, LOCAL 3617, AFT/FEA UNITED, Appellee.
No. 78-1687.
District Court of Appeal of Florida, Fourth District.
July 25, 1979.
*413 G. Kendall Sharp, Vero Beach, for appellant.
Sidney L. Matthew, Tallahassee, for appellee.
R.T. Donelan, Jr., Tallahassee, for Public Employees Relations Commission.
DOWNEY, Chief Judge.
This is an unfair labor practice suit initiated by appellee as the certified bargaining representative for the classroom teachers and related personnel of Indian River County. Pursuant to appellee's charge a complaint was filed alleging that the appellant, School Board of Indian River County, had engaged in an unfair labor practice within the meaning of Section 447.501(1)(a) and (c), Florida Statutes (1977) by refusing to bargain collectively. More specifically, the appellant was charged with unilaterally altering the number of periods into which the school day is divided at several county schools. Appellant denied that it had violated the collective bargaining statute or been guilty of any unfair labor practice.
The matter was heard before a Hearing Officer who filed a Recommended Order finding in favor of the appellee. The Public Employees Relations Commission adopted the Hearing Officer's findings of facts, and pursuant to Section 120.57(1)(b)(9), Florida Statutes (1977), it substituted its own conclusions of law. In the final analysis the Commission concluded the appellant had been guilty of an unfair labor practice and ordered appellant to desist from unilateral attempts to adjust the school schedule.
The parties had previously negotiated a Collective Bargaining Agreement for the 1976-77 and 1977-78 school years. During those negotiations among the various questions bargained was the number of periods in a school day. No agreement was reached and this issue remained unresolved; consequently the contract is silent in that regard. At the time said contract was negotiated the schools in question had seven periods per school day of which five were fifty minute teaching periods, one twenty-five minute supervised study period and one ten minute homeroom period, for a total of 285 minutes. On April 25, 1977, the appellant unilaterally adopted a policy which provides seven periods per school day in the schools in question, six of which are to be forty-seven minute instructional periods with one fifteen minute homeroom period for a total of 287 minutes.
In the order appealed from the Commission held, and appellee of course argues, that the duty of the parties to bargain applies to issues that are not contained in the existing contract. On the other hand, appellant contends that the number of periods in a school day is a decision for the School Board pursuant to its statutory authority enabling it to set standards of service. Section 447.209, Florida Statutes (1977). Appellant concedes the issue was bargainable, but apparently feels that, since no agreement was reached on the particular point, it then became a management determination free of any obligation to bargain further.
*414 It seems to us that appellant's contention is rather clearly answered by one of the Public Relations Commissioners quoted at length with approval in the recent decision of this court in The School Board of Orange County v. Palowitch, 367 So.2d 730 (Fla. 4th DCA 1979). Among other things the Commission stated:
The same policy considerations underlying the prohibition of unilateral changes during negotiations are equally applicable to unilateral changes in subjects not covered by an existing agreement. Terms and conditions not discussed by the parties in negotiations nevertheless continue to be terms and conditions of employment and, by virtue of Section 447.309(1), an employer must negotiate with the certified bargaining agent prior to changing them. The obligation to bargain imposed by Section 447.309(1), extends to all terms and conditions of employment. To conclude that terms and conditions of employment upon which the parties fail to reach agreement lose their status as such and somehow become management prerogatives leads to an absurd and fruitless result. 367 So.2d at 731.
To the uninitiated the change involved may seem de minimus and the entire controversy much ado about nothing, particularly since the new policy will result in 32 minutes of additional instruction time per week. However, the Commission made it clear in its order that "neither the qualitative difference between instruction and supervision nor the number of minutes per week that teachers are required to teach affects the Commission's decision in this case; consequently, no further discussion is warranted." The point seems to be that Section 447.309(1), Florida Statutes (1977), requires the appellant to bargain in good faith with respect to any changes in "wages, hours, and terms and conditions of employment." This change falls within the purview of that provision even though it may not be a change of great moment. There is another intangible to be considered here as was pointed out in Palowitch, supra:
It [is] also quite properly reasoned "whether these changes are viewed as beneficial or detrimental is irrelevant to the determination vel non (sic) or whether there was a unilateral change in terms and conditions of employment. A unilateral increase in benefits could foreseeably do more to undermine the bargaining representative's status than would a decrease." As to this last sentence it is quite important that the bargaining representative maintain the confidence and respect of its members in order to adequately represent them. If it is best to have bargaining representatives then they should be as effective as possible to promote the good of the membership.
Appellee articulates its point in its brief as follows:
The foregoing authorities support PERC's conclusion that the right to bargain collectively would be seriously undermined if a public employer such as the School Board were permitted, without negotiation, to take unilateral action concerning the number and length of class periods. Such action by the School Board tends to weaken the confidence of bargaining unit members in their elected representative resulting in further frustration and disgruntlement. Employees may quickly conclude that following the bargaining process will not result in constructive decision making and therefore resort to disruptive tactics becomes more likely.
We have given serious consideration to appellant's contention that to uphold the Commission Order would be tantamount to holding that appellant must bargain all day to day decisions which management must make. We have no such fear. This change in policy was not made under exigent circumstances requiring immediate action; it was made after study by the Superintendent and an ad hoc committee of classroom teachers, lay persons, principals, etc. Appellant has never contended the subject was not one for bargaining and, thus, we fail to see any legitimate reason why that procedure was not followed.
*415 Accordingly, the order appealed from is affirmed.
AFFIRMED.
CROSS and LETTS, JJ., concur.