399 So.2d 520 (1981)
SCHOOL BOARD OF POLK COUNTY, Appellant,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION, et al., Appellees.
No. 80-1413.
District Court of Appeal of Florida, Second District.
June 10, 1981.
*521 C.A. Boswell, Jr., and Donald H. Wilson, Jr., Bartow, for appellant.
R.T. Donelan, Jr., Asst. Gen. Counsel and I. Jeffrey Pheterson, Staff Counsel, Public Employees Relations Commission, Tallahassee, for appellee Florida Public Employees Relations Commission.
DANAHY, Judge.
The Public Employees Relations Commission (PERC) takes the position in this case that a "fringe" group of public employees may be added to an existing collective bargaining unit without giving the employees in that group the opportunity, through a self-determination election, to indicate whether they wish to be included in the existing unit or to remain unrepresented. We disagree.
In 1975 PERC certified the Polk County Non-Instructional Employees Union, Local 2227, AFSCME, AFL-CIO (the Union) as the exclusive bargaining agent for a collective bargaining unit composed of the maintenance, custodial and warehouse employees of the School Board of Polk County (the School Board). The unit did not include the School Board's bus garage employees. Five years later the union initiated this proceeding by filing a petition for unit clarification seeking to add the bus garage employees to its existing unit of maintenance, custodial and warehouse employees.
All parties agree that the bus garage employees would not constitute an appropriate bargaining unit by themselves, and that the only unit in which they could appropriately be placed is the overall unit of maintenance, custodial and warehouse employees. The sole issue is whether the bus garage employees should be permitted to vote on the matter. The Union and the School Board agree that they should, and asked PERC to conduct a secret ballot election among the bus garage employees before adding them to the existing unit. Notwithstanding that request, PERC entered an order directing that the bus garage employees be placed in the existing collective bargaining unit without an election. The School Board has petitioned this court for review of that order. We hold that the order reflects an erroneous interpretation of the Public Employees Relations Act (PERA) and set it aside.
In reaching our decision, we chose to follow the precedent set by the National Labor Relations Board (NLRB) in like cases arising under the National Labor Relations Act (NLRA). Since the relevant provisions of Florida's PERA are similar to those of the NLRA,[1] decisions of the NLRB are pertinent *522 and instructive where, as here, the case is one of first impression under PERA. Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977); Craver and La Peer, The Legal Obligations of Governmental Employers and Labor Organizations Under the Recognition-Certification Provisions of the Florida Public Employees Relations Act, 27 U.Fla.L.Rev. 705, 711-712 (1975).
Both the School Board and PERC recognize the relevancy of NLRB decisions in resolving the question presented to us in this case, but neither has favored us with an accurate statement of the NLRB's position. The NLRB cases cited to us involve an entirely different situation, that in which a representation election is to be held in the historical bargaining unit and the question has arisen whether employees in a fringe group not previously included in the unit should be given the opportunity to vote separately. The NLRB has at times followed the practice of directing a separate vote by the members of such a previously excluded group. The Zia Company, 108 N.L.R.B. 1134 (1954). Its present policy however, is to direct only one election among all employees in the appropriate unit including the members of the fringe group. D.V. Displays Corp., 134 N.L.R.B. 568 (1961). PERC cites the NLRB rule in such cases as authority for the proposition that members of a fringe group previously omitted from a unit may only vote as members of the unit. PERC argues that, therefore, the fringe group may be added to the unit without a self-determination election by its members.
In the case before us, no election is to be held among the members of the Union's current unit of School Board employees. The question is not whether the bus garage employees should be given the opportunity to vote separately on whether they wish to be represented or permitted to vote only as members of the existing unit. The question is whether the bus garage employees are entitled to vote at all before being added to a currently represented unit.
PERC tells us that there is no analogous proceeding for unit clarification under the NLRA because the NLRB and PERC differ on the timing of unit clarification. PERC says that the NLRB will add a missing fringe group to an appropriate unit only when a question concerning representation is raised concerning the entire unit, including the fringe group; thus, fringe group employees are permitted to express their representational preference contemporaneously with all other unit employees as part of the entire unit's decision. Thus, PERC concludes that it is inappropriate to delay inclusion of positions mistakenly excluded from their only appropriate unit until such time as a representational controversy exists in the entire unit.
In its zeal to obtain this court's approval of its position, PERC has failed to advise us of significant decisions relevant to disposition of this appeal. There are NLRB proceedings in which missing fringe groups can be added to existing units notwithstanding that there is no question of representation requiring an election in the overall unit. In such cases, the NLRB has never failed to permit a self-determination election among the members of the fringe group before adding them to the existing unit. Photype, Inc., 145 N.L.R.B. 1268, 1272 n. 8 (1964); The Connecticut Light and Power Co., 121 N.L.R.B. 768 (1958); D.V. Displays Corp., 134 N.L.R.B. 568, 573 (1961) (Rodgers and Leedom, dissenting). We agree with that approach.
PERC admonishes against "slavish adherence" to NLRB precedent and offers many reasons why we should consider that Florida's public sector labor policy embodied in PERA justifies PERC's decision in this case, which PERC describes as "a correct balancing of competing public interests in accordance with Florida public sector labor policy." We are not persuaded that there is any public policy reason to deny public employees the same opportunity as private employees to vote on the matter before adding those employees to an existing collective bargaining unit.
*523 We set aside the PERC order under review and remand this proceeding with directions that PERC conduct a self-determination election among the School Board's bus garage employees on the question whether they wish to become part of the bargaining unit composed of maintenance, custodial and warehouse employees, or whether they wish to remain outside the unit and unrepresented.
SCHEB, C.J., and HOBSON, J., concur.
NOTES
[1] Compare section 447.301(1), Florida Statutes (1979), with 29 U.S.C. section 157 (1970). Compare section 447.307, Florida Statutes (1979), with 29 U.S.C. section 159 (1970).