435 So.2d 275 (1983)
CITY OF ORLANDO, Appellant,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION and Orange County Police Benevolent Association, Appellees.
No. 82-103.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
Rehearing Denied July 26, 1983.
*276 Thomas P. Moran and Christopher A. Detzel of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellant.
Edward S. Stafman, Staff Counsel, Public Employees Relations Com'n, Tallahassee, for appellee Florida Public Employees Relations Com'n.
Thomas J. Pilacek of Pilacek, Cohen & Sommers, Orlando, for appellee Orange County Police Benev. Ass'n.
ORFINGER, Chief Judge.
This appeal is from a final order of the Public Employees Relations Commission (PERC) finding appellant City of Orlando (City) guilty of an unfair labor practice. We reverse.
The unfair labor practice charge was filed by the Orange County Police Benevolent Association (PBA) which, since 1976, has been the certified bargaining representative for employees in the City's police department in the rank of sergeant and below. The PBA alleged that the City had violated the Public Employees Relations Act (PERA) by refusing to bargain as to procedures by which members of the City's police *277 department would be promoted to the rank of lieutenant. The City answered, admitting its refusal to bargain regarding the procedures for promotion to lieutenant. The City denied any violation of PERA, however, contending that it is not required to bargain on the subject of promotion to lieutenant because lieutenants are not included within the bargaining unit represented by the PBA and because lieutenants have certain supervisory and managerial functions.
The parties stipulated below that at the time of certification, the PBA sought to have lieutenants incorporated into the bargaining unit, but PERC determined that these individuals should not be included in a unit composed primarily of patrolmen and sergeants. Indeed, PERC's order in the bargaining unit determination recognized that lieutenants, unlike sergeants, have direct authority to supervise and discipline other police officers and that lieutenants, along with captains and majors, have a major role in formulating departmental policy. The parties further stipulated that lieutenants evaluate the performances of members of the unit and also handle grievances from them.
The PBA's proposal regarding selection procedures for lieutenant positions was introduced into evidence at the hearing on the unfair labor practice charge, and it included provisions for time-in-grade requirements, testing procedures, selection criteria and the requirement of a rank-ordered promotion list with selection of the highest ranking candidate. The PBA's president testified that the PBA sought bargaining on this matter because promotion to lieutenant is traditionally the next step in advancement of a police officer's career after being a sergeant, and he added that "This is a major step for an individual in that he moves out of the bargaining unit into a management position which is outside the unit." This witness also admitted that under the PBA's proposal, the City would be limited to selecting lieutenants from those individuals who are existing sergeants.
While there has been no formal determination that the rank of lieutenant is a management position under PERA [Section 447.203(4), Florida Statutes (1981)], the City relied on the testimony of acting police chief Howard McClain who testified that he viewed the position of lieutenant as an initial management position and that as such there was a need for flexibility in the selection of such personnel. McClain admitted that since at least 1975, there has been a time-in-grade requirement for sergeants to become eligible for promotion and all promotions to the rank of lieutenant have come from the rank of sergeant. However, he added that in the last three years certain changes in the process have been under consideration, including changes in the time-in-grade requirements and use of lateral entry from outside the department.
Following the hearing, the hearing officer determined that the City was under a duty to bargain with the PBA concerning the standards and criteria for promotion to the position of lieutenant and that its refusal constituted an unfair labor practice under section 447.501(1)(a), (c), Florida Statutes (1981).[1] The City filed exceptions to this order, following which PERC issued a final order upholding the conclusion that the City's refusal to negotiate on this point was an unfair labor practice. It is from PERC's final order that the instant appeal was taken.
Section 120.68(7), Florida Statutes (1981), which deals with judicial review of administrative action, requires that a reviewing court deal separately with disputed issues of agency procedure, interpretations of law, determinations of fact, or policy within the *278 agency's exercise of delegated discretion. In the instant case, there are no disputed issues of agency procedure nor disputed determinations of fact.[2] The initial question, therefore, is whether PERC was making an interpretation of law or setting policy when it determined that under PERA, the scope of mandatory bargaining subjects included the criteria and procedures for promotion to the rank of lieutenant, a position outside of the bargaining unit represented by the union.
The City argues that PERC has made an interpretation of law and the question on appeal is whether the agency has "erroneously interpreted a provision of law." § 120.68(9), Fla. Stat. (1981). See Pasco County School Board v. Florida Public Employees Relations Comm., 353 So.2d 108 (Fla. 1st DCA 1978). PERC argues that it has made a policy determination and the only question is whether it acted within the range of discretion delegated to it. § 120.68(12), Fla. Stat. We conclude that in determining that the City is required to bargain regarding procedures for promotion to positions outside the bargaining unit as a term and condition of employment of those within the bargaining unit, PERC has incorrectly interpreted PERA, so we are dealing with a question of law which we are obligated to correct. See School Board of Polk County v. Florida Public Employees Relations Commission, 399 So.2d 520 (Fla.2d DCA 1981); Pasco County School Board v. Florida Public Employees Relations Commission.
Under sections 447.301(2) and 447.309(1), Florida Statutes (1981), a public employer is obligated to bargain collectively in the determination of the wages, hours, and terms and conditions of employment of the public employees within the bargaining unit and the failure to bargain on such mandatory items is an unfair labor practice. School Board v. Indian River County Education Ass'n, 373 So.2d 412 (Fla. 4th DCA 1979); School Board of Orange County v. Palowitch, 367 So.2d 730 (Fla. 4th DCA 1979). No definition of the phrase "wages, hours, and terms and conditions of employment" is provided so as to delineate exactly what constitutes a mandatory bargaining item. It has been held that promotional procedures for positions within the bargaining unit is a term and condition of employment and hence a mandatory subject for bargaining. Orange County Police Benevolent Ass'n v. City of Orlando, 7 FPER ¶ 12019 (1980) That issue is not involved here, as the record indicates that the parties did bargain as to such promotion procedures.[3] The question here is whether promotion procedures and criteria for a position outside the bargaining unit are within the classification of "terms and conditions of employment." This issue appears to be one of first impression in Florida.
Florida courts have not developed a precise test for determining whether a certain subject is important enough to be considered a "term and condition of employment." However, federal courts, in construing the language in section 8(d) of the National Labor Relations Act[4] (which is identical to the relevant language here),[5] have enunciated various tests. In Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co., 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971), the Supreme Court declared that an issue is the subject of mandatory bargaining if it "settle[s] an aspect *279 of the relationship between the employer and employees." In Allied Chemical, the company had been charged with an unfair labor practice because it had unilaterally modified certain insurance benefits for its retired employees. The NLRB had determined that the company was guilty of an unfair labor practice in refusing to bargain with the union representing the active employees because, among other reasons, "retirement status is a substantial connection to the bargaining unit, for it is the culmination and the product of years of employment." Alternatively, the Board held that bargaining was required because of the interest which active employees have in the subject [of retirement]. The Supreme Court reversed the holding of the Board, finding that the Board had incorrectly interpreted the law in that the subject of the proposed bargaining was not with respect to a term or condition of employment of the employees within the bargaining unit represented by the union.
In National Labor Relations Board v. Retail Clerks International Ass'n, A.F.L., et al., 211 F.2d 759 (9th Cir.1954), the court found that the union had committed an unfair labor practice by insisting that it had the right to bargain for promotion of store clerks (whom the union represented) to the position of location manager (not within the bargaining unit). The court found that location managers were supervisory employees outside the bargaining unit and that the selection of location managers was thus not a subject for bargaining and not a term or condition of employment of those employees within the bargaining unit.
In Westinghouse Electric Corporation v. National Labor Relations Board, 387 F.2d 542 (4th Cir.1967), the court stated more succinctly a test used to determine whether a given subject involved "wages, hours, or other conditions of employment," viz:
[I]n determining whether a given matter should be deemed a mandatory bargaining subject, the courts, as well as the Board itself, have recognized a legal distinction between those subjects which have a material or significant impact upon wages, hours, or other conditions of employment, and those which are only indirectly, incidentally, or remotely related to those subjects.
* * * * * *
In the instant case we arrive at the conclusion, one which we believe is not inconsistent with past pronouncements of this court, that since practically every managerial decision has some impact on wages, hours, or other conditions of employment, the determination of which decisions are mandatory bargaining subjects must depend upon whether a given subject has a significant or material relationship to wages, hours, or other conditions of employment.[6]
387 F.2d 547, 548. Based on this test, the court found that an increase in prices in a company owned but privately operated cafeteria in the plant did not involve terms or conditions of employment.
As support for its position, PERC relies strongly on a Michigan case, Detroit Police Officers Association v. City of Detroit, Police Department, 61 Mich. App. 487, 233 N.W.2d 49 (1975). In City of Detroit, the Michigan appeals court squarely held that promotional standards and criteria for promotions in the police department to positions outside the bargaining unit were "terms and conditions of employment" under the Michigan Public Employees Relations Act. Recognizing that the Michigan statute (identical to section 8(d) of the National Labor Relations Act) "does not immutably fix a list of subjects for mandatory bargaining" and that courts must utilize a case-by-case approach in determining whether a given subject involves a "term or condition of employment," the City of Detroit court, after reviewing the federal decisions *280 discussed above, concluded that "the subject [of promotional criteria] is at least as important as `hourly rates of pay, pensions, no-strike clauses, profit sharing plans, rental of company houses, grievance procedures, sick leave, work rules, seniority and promotion, compulsory retirement age and management rights clauses' listed by [the Michigan] Supreme Court as examples of mandatory subjects of bargaining," 233 N.W.2d at 52. The opinion contains little analysis and does not attempt to distinguish between promotional criteria within the unit and promotional criteria to positions outside the unit. While it is true that the Michigan Supreme Court has at least indirectly approved the City of Detroit decision in Local 1383 of the International Association of Fire Fighters v. City of Warren, 411 Mich. 642, 311 N.W.2d 702 (1980) (footnote 2), City of Warren itself does not support PERC here, because that case involved bargaining for promotional criteria to positions within the bargaining unit.
The City urges us to consider the case of Fire Fighters Union, Local 1186, etc. v. City of Vallejo, 12 Cal.3d 608, 116 Cal. Rptr. 507, 526 P.2d 971 (1974), decided by the Supreme Court of California. There, the court was called on to interpret a charter provision requiring the city to bargain as to "wages, hours and working conditions" of city employees and requiring the city to arbitrate as to those subjects. The trial court ordered the city to arbitrate several subjects, among them, vacancies and promotions, finding that this issue was related to "wages, hours and conditions of employment." The supreme court held that such promotion proposals could not apply to promotion to the position of deputy fire chief, if upon remand it was found that such position was outside of the bargaining unit.
We hold that in concluding that the city was obligated to bargain for promotional criteria to positions outside the bargaining unit, PERC incorrectly interpreted the governing statute. Based on applicable federal precedents, we hold that possible promotion to a position outside the bargaining unit does not involve a "term and condition of employment" of those members within the bargaining unit. Promotion to the rank of lieutenant is neither mandatory nor certain for members of the bargaining unit and competition therefor is voluntary on the part of unit employees. Promotional criteria for positions outside the unit thus do not vitally affect terms and conditions of employment for employees within the bargaining unit because promotion itself is speculative and uncertain. Allied Chemical. See also, McDonald v. Hamilton Electric, Inc., of Florida, 666 F.2d 509, 514 (11th Cir.1982).
The final order appealed from is reversed with directions that an order be entered dismissing the unfair labor practice charge.
REVERSED and REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 447.501, dealing with unfair labor practices, provides:

(1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
* * * * * *
(c) Refusing to bargain collectively, failing to bargain collectively in good faith, or refusing to sign a final agreement agreed upon with the certified bargaining agent for the public employees in the bargaining unit.
[2] The City, in its brief, specifically declares that a formal determination that lieutenants are managerial employees under PERA is not necessary in this case and hence it does not challenge PERC's failure to make such a finding here.
[3] The parties negotiated and reached agreement on procedures for promotion to the rank of police officer first class and sergeant, both positions which are in the bargaining unit.
[4] 29 U.S.C.A. § 158(d).
[5] We may look to the NLRA in this regard since where a Florida statute is patterned after a federal law on the same subject, it will take the same construction in our courts as its prototype has been given in the federal courts, so long as such construction is consistent with the spirit and policy of the Florida law. International Brotherhood of Painters v. Anderson, 401 So.2d 824 (Fla. 5th DCA 1981).
[6] The court found that the case before it did not involve any question of job security or any other issue which employees could traditionally consider "vital", and cited as examples of these, discriminatory discharges, seniority rights, imposition of compulsory retirement age and grievance procedures. Obviously, the court did not intend to limit the field to those mentioned, nor do we by citing these examples.