**LACKAWANNA COUNTY DETECTIVES' ASSOCIATION, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2000.
Decided Nov. 21, 2000.
As Amended Dec. 4, 2000.

Anthony M. Caputo, Harrisburg, for petitioner.

Jennifer E. Will, Harrisburg, for respondent.

Before SMITH, Judge, LEADBETTER, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Lackawanna County Detectives' Association (Association) appeals from the final order of the Pennsylvania Labor Relations Board (PLRB or Board) that affirmed its refusal to issue a complaint on the Association's charge that the Lackawanna County District Attorney's office (County) committed an unfair labor practice pursuant to the Pennsylvania Labor

Relations Act (PLRA)[1] and the Collective Bargaining by Policemen or Firemen Act (Act 111).[2] The Association charged the County's unfair labor practice occurred when the County refused to bargain over the impact of assigning Detective Anthony Perry (Perry) to a light duty position. We affirm.

Perry, a member of the Association, was on disability leave pursuant to the Heart and Lung Act.[3] In a November 18, 1999 letter, the County notified Perry that he was scheduled to return to work in the light duty position of modified courthouse worker on November 22, 1999 at a salary equaling or exceeding his pre-injury wages. Perry notified the Association of the County's action also on November 18.

On November 19, 1999, the Association wrote to the County outlining in pertinent part that:

> ... a public employer must *first* bargain over the impact of creating a light duty policy which touch[es] upon wages, hours and terms and conditions of employment. Accordingly, please accept this correspondence as a request of the *Association to bargain over such items.* (Emphasis in original).

RR. 18a. Nevertheless, as scheduled, the County placed Perry in the light duty position on November 22, 1999. On November 23, the Association filed its charge with the PLRB in which it alleged the County had committed an unfair labor practice in violation of Sections 6(1)(a) and (e) of the

PLRA, 43 P.S. §§ 211.6(1)(a), and (e), and Act 111.

By letter of January 14, 2000, the Board Secretary refused to issue a complaint on the Association's charge and, on January 28, the Association filed exceptions. On February 15, 2000, the PLRB issued a final order, in which it affirmed the Secretary's decision not to issue a complaint and dismissed the Association's charge of unfair labor practices.[4] The Association petitioned this Court for review on March 14, 2000.[5]

On appeal to this Court, the Association repeats the argument that the PLRB abused its discretion by declining to issue a complaint on the Association's charge that the County committed an unfair labor practice when it refused to engage in impact bargaining over the implementation of a light duty policy. The crux of the Association's argument is that, though admittedly a matter of managerial prerogative, case law required the County to bargain with the Association regarding the impact of this act of managerial prerogative. The County asserts that duty to bargain was triggered by the presence of four necessary elements.

■ Those four elements are first, the employer must lawfully exercise its managerial prerogative. Second, there must be a demonstrable impact on wages, hours, or working conditions, matters that are severable from the managerial decision. Third, the union must demand to negotiate these matters following management's imple-

---

1. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13.

2. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

3. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637, 638.

4. We note that the Board's final order came more than eleven weeks after the Association filed its initial charge. Consequently, Perry and the Association could not make any further demands because, by the time the Board issued its opinion, the six-week statute of limi-

tations had run. Section 9(e) of the PLRA, 43 P.S. § 211.9(e); *Kaolin Mushroom Farms, Inc. v. Pennsylvania Labor Relations Board,* 164 Pa.Cmwlth. 243, 642 A.2d 612 (1994).

5. This Court's scope of review is limited to determining whether there was a violation of constitutional rights, whether there was an error of law or whether the PLRB's necessary findings of fact are supported by substantial evidence. *Frackville Borough Police Department v. Pennsylvania Labor Relations Board,* 701 A.2d 632 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 551 Pa. 706, 712 A.2d 287 (1998).

mentation of its prerogative. Finally, the public employer must refuse the union's demand. *Borough of Ambridge*, 30 Pa. Pub. Employe R. 30218 (Final Order, 1999).

Here the Association asserts that the County created and implemented the light duty program on November 18 when it notified Perry that he was to report for light duty work four days later. The Association contends the impact on wages, hours and working conditions was known immediately or shortly after that communication to Perry of his new job assignment. The Association emphasizes that it filed its unfair labor practice charge on November 23, after Perry reported to work. Therefore, the Association reasons that its demand to bargain was timely.

■ We reject this argument. Contrary to Board precedent, the Association's November 19 correspondence requesting that there occur bargaining over the light duty policy came, prior to, not after, the implementation of the policy. *Commonwealth of Pennsylvania, State Police*, 30 Pa. Pub. Employe R. 30216 (Final Order 1999). The above-quoted November 19 correspondence also stated "that the County has *contemplated* developing a 'light duty' position and *may* order [Perry] to return to work in such capacity." R.R. 18a (emphasis added). This letter shows that the Association understood the policy was not yet implemented as of the November 19 date. Consequently, the timing of the Association's demand was premature and improperly couched as a request to bargain prior to the implementation of the light duty position.

■ Further, even had that demand been made later, the Association's charge did not allege facts supporting the second *Ambridge* element: that the matter had a severable impact on the terms and conditions of employment. The Association alleged no facts showing how wages, schedules, duties, and disciplinary requirements were impacted by the County's implemen-

tation of a light-duty position. Its charge did not reflect that a program or policy was initiated, but only indicates that a single employee received a light duty assignment. The County was under no obligation to bargain prior to the implementation of a *unit-wide* light duty policy. *Ambridge*. The Association loses sight of the fact that a light duty assignment of an officer results from the inability of that officer to perform his normal duties.

We agree with the PLRB that allowing the Association's arguments to succeed would permit the Association to indirectly bargain the underlying managerial prerogative under the guise of impact bargaining. Here, the Board applied, and, as shown above, we now adopt the four *Ambridge* requirements for a *prima facie* cause of action when a public employee alleges a refusal to bargain over the impact of a matter of managerial prerogative.

Accordingly, we affirm the decision of the PLRB.

### ORDER

NOW, November 21, 2000, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is affirmed.

Judge LEADBETTER concurs in result only.