In The Matter Of: The Employes of the City of Philadelphia (Fire Department). The Philadelphia Fire Officers Union, Appellant.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

*William F. Coyle,* for appellant.

*Kathryn Speaker MacNett,* with her, *James L. Crawford and Ellis H. Katz,* for appellee.

OPINION BY JUDGE MACPHAIL, June 18, 1984:

The Philadelphia Fire Officers Union (Officers) appeals from an order of the Court of Common Pleas

of Philadelphia County affirming an order of the Pennsylvania Labor Relations Board (Board). The Board refused to certify the Officers as a bargaining unit separate from Local 22, International Association of Firefighters (Union), which is the bargaining unit for the uniformed firefighters employed by the City of Philadelphia (City).

In 1971, the Officers petitioned the Board for certification as a bargaining unit separate from the rank and file firefighters of the City. The Board dismissed the petition for lack of jurisdiction. The Officers appealed, and in 1977 the Pennsylvania Supreme Court vacated the Board's order and remanded to the Board for consideration of the merits of the Officers' petition. *Philadelphia Fire Officers Ass'n v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977).

Subsequently, the Board issued a nisi order in 1979 finding, *inter alia*, that a bargaining unit of officers only was inappropriate and dismissing the petition. The Board issued its final order on April 18, 1980, dismissing the Officers' exceptions and the petition. The Officers appealed to the common pleas court, whose order of December 7, 1982, sustaining the Board's final order resulted in the instant appeal.

The Officers raise several issues in their appeal which we will consider individually. First, the Officers here challenge for the first time the standing of the Board as a party to this action. This challenge is without merit.

The Board appeared as a party before the common pleas court. The Officers acknowledge that they made no challenge at that time with respect to the Board's standing. This failure to previously raise the issue results in the Officers being unable to challenge the

position of the Board as a party to the litigation. *See Baker v. Zoning Hearing Board of West Goshen Township*, 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976) (no objection having been made to a person's appearance as a party before the zoning hearing board, the issue was not before the Court).

The Officers also raise a denial of their constitutional right to freely associate. We do not find that the Board's decision that the Officers do not by themselves constitute an appropriate bargaining unit is in abrogation of any constitutional rights. Act 111 provides the Officers with the right to bargain collectively and the PLRA further defines that right. The Board must decide the appropriate bargaining unit. Section 7(b) of the PLRA, 43 P.S. §211.7(b). The Officers are not guaranteed that the bargaining unit will exactly conform to their wishes. Were we to hold otherwise, we likewise would be required to hold that any group of firefighters has the right to the exact bargaining unit they may choose, an absurd result.

The Officers allege that Board member James Jones' participation in the Board's final order created an appearance of impropriety, stating that Mr. Jones testified against the Officers' position in a hearing before the Philadelphia City Council in 1963.[1] The Officers admit that they were aware of their objection to Mr. Jones' participation prior to the final order of the Board. In their exceptions to the decree nisi the Officers requested that Mr. Jones not participate further in the case. They did not support this request with any allegations of prejudice or bias on the part of Mr. Jones beyond the bare fact of his previous testimony. We do not believe this is sufficient to pre-

---

[1] The Officers state that the hearing was in regard to a Council bill providing pension benefits for widows of policemen, which the Officers supported.

serve this issue for our consideration. *See, G. G. & C. Bus Co., Inc. v. Pennsylvania Public Utility Comm'n,* 42 Pa. Commonwealth Ct. 384, 400 A.2d 941 (1979); Pa. R.A.P. 1551.

Additionally, we find that the matters alleged by the Officers are not sufficient to constitute an appearance of impropriety. Mr. Jones' prior testimony occurred some seventeen years before the Board's final order in the case *sub judice.* We simply cannot allow such a tenuous link to be the basis for disqualification of a member of an administrative board.

We finally come to the Officers' question regarding the appropriateness of their inclusion in a bargaining unit with the rank and file firefighters.

Our review must be limited to a determination of whether the Board's findings are supported by substantial evidence and whether its conclusions are reasonable and not capricious, illegal or arbitrary. *Commonwealth v. Pennsylvania Labor Relations Board,* 64 Pa. Commonwealth Ct. 525, 441 A.2d 470 (1982) (*Commonwealth v. PLRB*).

Act 111 does not specify which employees should be included within a police or firefighter bargaining unit. Section 1 of Act 111, 43 P.S. §217.1. The PLRA is likewise silent, giving the Board the discretion to determine the appropriate unit. Section 7(b) of the PLRA. The Board's own case law has made it clear that managerial employees may *not* be included within the bargaining unit. *Lower Allen Township,* 10 PPER No. 10047 (1979), *aff'd Smith v. Pennsylvania Labor Relations Board,* 11 PPER No. 11010 (1980) (No. 882 Civil 1979, Court of Common Pleas of Cumberland County, filed November 28, 1979); *see also Commonwealth v. PLRB* (Police Officers III and IV properly included within bargaining unit because

Board found that they did not exercise managerial authority).

The Public Employe Relations Act (Act 195)[2] also mandates that the Board determine the appropriate bargaining unit; however, additional guidelines are provided. Employees at the first level of supervision may not be included with any other units of public employees, but may form their own separate units. Section 604(5) of Act 195, 43 P.S. §1101.604(5).

The Officers argue that they are supervisory employees and that the composition of bargaining units pursuant to Act 111 should be the same as that required by Act 195. This argument must fail, first because our Supreme Court has declined to read Act 111 *in pari materia* with Act 195. *Chirico v. Board of Supervisors for Newton Township,* Pa. , , 470 A.2d 470, 475 n.8 (1983). Additionally, we have upheld a determination by the Board that included supervisory policemen within a bargaining unit of rank and file policemen. *Commonwealth v. PLRB.* Obviously, this is equally applicable to firefighters; therefore, we decline to find that the Board must, as a matter of law, certify the Officers as a separate bargaining unit.

We find, through our review of the Board's orders and the record, that the Board's findings are properly supported. That the Officers can point to contradictory evidence does not invalidate the findings which the Board made.

In order to exercise its discretion and determine whether the Officers should be certified as an appropriate bargaining unit, the Board chose to rely upon a community of interest test as elaborated in *Duquesne*

---

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301.

*Light Company Case,* 345 Pa. 458, 29 A.2d 18 (1924),[3] a case in which the Board had acted pursuant to Section 7(b) of the PLRA.

Our research has disclosed that previous use of the community of interest test has been in circumstances in which the employees of an employer were divided horizontally rather than vertically as in the case *sub judice. E.g., Duquesne Light* (employees at one plant had a community of interest justifying a separate bargaining unit from employer's employees at two other plants); *Commonwealth v. PLRB* (Capitol Police had a community of interest permitting bargaining unit separate from other police employed by the Commonwealth). *Commonwealth v. PLRB* was a case decided pursuant to Act 111, so that we find no inherent problem in using the community of interest test in the instant case.[4]

While this Court might differ with the Board regarding the wisdom of retaining the Officers within the single bargaining unit represented by the Union, we are satisfied that the Board's findings of fact are

---

[3] The factors to be considered include:

(1) history, extent and type of organization of the employees,

(2) history of their collective bargaining,

(3) a like history of the employees of other employers in the same industry,

(4) relationship between any proposed unit and the employer's organization, including geographical location of the parts, and

(5) skill, wages, working conditions and work of the employees.

*Duquesne Light,* 345 Pa. at 462, 29 A.2d at 19-20.

[4] The fact that, for the purpose of determining an appropriate bargaining unit under Act 195, the Board must consider, *inter alia,* that "public employees must have an indentifiable community of interest," Section 604(1) (i) of Act 195, does not invalidate the use of the test pursuant to Act 111.

supported by substantial evidence and may not be disturbed. Clearly, the decision to dismiss the Officers' petition is not capricious, and is well within the reasonable discretion of the Board.

The record shows that the question of whether any of the Officers were managerial employees did arise before the Board; however, the Board declined to rule on this issue stating that the issue was not properly before the Board. In light of our statements above regarding the impropriety of including managerial employees within a bargaining unit under Act 111, we disagree.

The effect of the Board's order is that all uniformed firemen in the city are within one bargaining unit, both rank and file firefighters and officers up to and including Assistant Fire Chiefs. Therefore, to the extent that the Board's order may have included managerial employees within the bargaining unit it is illegal. The Board has made no findings of fact which directly address the issue of whether any of the Officers are managerial employees.[5] For this reason, we are unable to fully exercise our appellate review.

This matter, accordingly, will be remanded to the court of common pleas with instruction to remand to the Board for further factfinding and other proceedings as necessary.

ORDER

The order of the Court of Common Pleas of Philadelphia County dated December 7, 1982, May Term, 1980, No. 2521, is hereby vacated.

---

[5] We note that various of the Board's findings of fact may be relevant to the issue of whether any of the Officers are managerial employees. We specifically do not find that Finding of Fact No. 42, that the Commissioner sets the policy of the fire department, is dispositive of the issue.

It is ordered that the matter be remanded to the Court of Common Pleas of Philadelphia County and that that Court shall then remand it to the Pennsylvania Labor Relations Board for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.