American Federation of State, County and Municipal Employees, AFL-CIO, Local 1598, Appellant *v.* Bensalem Township, Appellee.

Argued April 12, 1985, before Judges Doyle and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Stuart W. Davidson, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellant.

*Jahn Roos Landis,* with her, *Emil F. Toften* and *Alton G. Grube, Emil F. Toften & Associates,* for appellee.

Opinion by Judge Doyle, October 8, 1985:

This is an appeal by the American Federation of State, County and Municipal Employees Local 1598 (AFSCME) from the decision of the Bucks County Court of Common Pleas which vacated a labor arbitration award.

The present case involves the interpretation of a collective bargaining agreement entered into between Bensalem Township (Township) and its Township employees. The issue as presented by AFSCME is whether under the terms of the agreement the Township may unilaterally remove an employee from a bar-

gaining unit position by designating her as a "confidential employee."

The relevant facts are not in dispute. Prior to May of 1981, three Township employees who worked directly for the Township manager had been designated as "confidential employees" and thus were not included in the bargaining unit under the terms of the agreement.[1] In May of 1981, one of the confidential employees, a clerk typist, vacated her position. Instead of filling this position, the Township posted a vacancy for a *non-confidential* clerk typist, a bargaining unit position. Mary Romano, a former employee of the Township police department, responded to the vacancy and was awarded the position. Although Romano was employed to work on non-confidential matters, the Township found it increasingly difficult to segregate Romano's work from the work of the confidential employees with whom Romano had close contact. Finally, late in 1982, the Township manager determined that Romano's assistance was needed in the preparation of the budget and contract negotiations requiring her to work directly with the other clerical employees engaged in confidential duties. For these reasons the Township designated Romano as a confidential employee in January of 1983, thus removing her from the bargaining unit.

On February 7, 1983, AFSCME filed a grievance which stated:

> The Union is protesting the making of a confidential Clerk Typist which is in violation of the Union contract on the grounds that she is per-

---

[1] Subsection 4 of Article I of the collective bargaining agreement excludes from the bargaining unit "all white collar employees, professional employees, management level employees, supervisors, first level supervisors, *confidential employees*, and guards as defined in the Public Employees Relations Act (sic). . . ." (Emphasis added.)

forming work within the present classification of this bargaining unit.

Pursuant to the agreement's grievance procedure, a hearing was held before an arbitrator on May 24, 1983. On June 8, 1983, the arbitrator issued a decision which directed the Township to return Romano's job to the AFSCME bargaining unit. The arbitrator reasoned that Romano's job duties had not changed to a sufficient degree to warrant the Township's designation of her as a confidential employee.

On appeal to the court of common pleas, the court en banc vacated the arbitrator's award, holding that the arbitrator exceeded his power and committed an error of law in concluding that Romano was not a confidential employee. AFSCME appeals from the trial court's determination.

Our review of an arbitrator's award is limited to a determination of whether the award draws its essence from the collective bargaining agreement. *Wellsboro Area Education Association Appeal,* 78 Pa. Commonwealth Ct. 467, 467 A.2d 1197 (1983). An award draws its essence from a collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. *Wellsboro; City of Scranton Appeal,* 59 Pa. Commonwealth Ct. 141, 428 A.2d 1048 (1981). In *Leechburg Area School District v. Dale,* 492 Pa. 515, 520-21, 424 A.2d 1309, 1312-13 (1981), the Supreme Court stated:

> The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's in-

terpretation is not a matter of concern to the court.

AFSCME contends that the arbitrator's award drew its essence from the collective bargaining agreement inasmuch as the arbitrator interpreted the agreement to prohibit the Township from unilaterally removing a position from the collective bargaining unit. AFSCME argues that the award did not require the arbitrator to go beyond the terms of the agreement and decide whether Romano was, in fact, a confidential employee as defined by the Public Employe Relations Act (Act).[2] AFSCME suggests that the arbitrator specifically declined to address this issue.

Although the arbitrator did acknowledge that the issue of whether Romano was a confidential employee was beyond his authority to consider, we must conclude, as did the trial court, that he nonetheless considered this issue, and further, that he based his award on its resolution rather than upon an interpretation of the collective bargaining agreement.

In reaching his decision, the arbitrator stated: [T]he most compelling information stems from the fact that the new confidential employe [Romano] is doing substantially the same thing if not exactly what she did before her status was changed. . . . Finally it seems indisputable that the work in question is in fact the same

---

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301. Section 301 (13) of the Act, 43 P.S. §1101.301(13), defines "Confidential employe" as one who "works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining, or (ii) in close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer." Confidential employes are excluded from the definition of public employe under Section 301(2) of the Act, 43 P.S. §1101.301(2), and thus may not be included in a collective bargaining unit.

194

as would be done by a Clerk Typist, a job specifically included in the unit unless and until the same type of work can properly be designated as 'confidential' as described in the Act and *here the reasons given have not been cogent.* Nevertheless, there are good reasons and circumstances why a public employer may wish to avail itself of the opportunity to use confidential employes but here there is every indication that *the only change has been one of name or designation only and this is hardly sufficient to warrant moving the employe into an excluded category.* (Emphasis added.)

From this language it is clear that the arbitrator based his award not on the Township's lack of *authority* to designate an employee as a confidential employee, but rather on the fact that this particular employee, Romano, was not performing confidential work.[3]

While the issue of whether Romano's position was *properly* designated as a confidential position may indeed be relevant to AFSCME's claim, its resolution cannot be obtained by reference to the collective bargaining agreement. Under Section 604 of the Act, 43 P.S. §1101.604, it is the duty of the Pennsylvania Labor Relations Board to determine the appropriateness of a bargaining unit. *Ermel v. Department of Transportation,* 79 Pa. Commonwealth Ct. 431, 470 A.2d 1061 (1984); *Richland Education Association v. Pennsylvania Labor Relations Board,* 43 Pa. Commonwealth Ct. 550, 403 A.2d 1008 (1979). Thus the question of whether Romano's position was properly

---

[3] Indeed, the implication from the language is that the Township *would* have the authority under the agreement to designate an employee as a confidential employee *if* the employee were, in fact, performing confidential work.

designated as "confidential" as that term is defined in Section 301 of the Act, 43 P.S. §1101.301, was one which the board, not the arbitrator, had jurisdiction to decide. *See County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 255, 489 A.2d 1325 (1985); *Pennsylvania Labor Relations Board v. Altoona Area School District,* 480 Pa. 148, 389 A.2d 553 (1978).

In conclusion, AFSCME's assertion that the arbitrator addressed the issue of whether the Township had the authority to designate Romano as a confidential employee finds no support in the arbitrator's decision. Had this issue been the basis for the arbitrator's award, the award might properly have stood. We cannot, however, ignore the clear language of the arbitrator's decision which indicates that the award actually was based upon the arbitrator's determination that Romano was not, in fact, a confidential employee. Since such a determination was beyond the arbitrator's authority to make, we agree with the trial court that the award must be vacated.

Because the arbitrator did not consider the issue properly before him, however, we must remand to the court with direction that the matter be resubmitted to the arbitrator for a resolution of this issue. *See City of Lebanon v. AFL-CIO,* 36 Pa. Commonwealth Ct. 442, 388 A.2d 1116 (1978).

Accordingly, we affirm the order of the Bucks County Court of Common Pleas vacating the arbitrator's award, and remand for additional proceedings.

ORDER

Now, October 8, 1985, the order of the Court of Common Pleas of Bucks County, No. 83-04843-15-6, dated April 24, 1984, is hereby affirmed. The matter is remanded to the court of common pleas for further disposition consistent with this opinion.