528 A.2d 1048

City of Clairton, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

562

Submitted on briefs May 20, 1987, to President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Robert V. Campedel, Zemprelli, Clipper and Campedel,* for petitioner.

*James L. Crawford,* for respondent.

Opinion by Judge Colins, July 22, 1987:

The City of Clairton (City) appeals an order of the Pennsylvania Labor Relations Board (PLRB) upholding a hearing examiner's determination that the City had committed an unfair labor practice and directing the City to cease such practices by reinstating dispatching work to the police bargaining unit. The hearing examiner also directed the City to collectively bargain with the police over the transfer of such work out of the bargaining unit.

As a consequence of fiscal problems and a stated concern for the public safety, the mayor of Clairton issued an emergency proclamation under which firemen would replace police officers at the dispatcher's desk, thereby freeing more officers for street duty. The dispatchers had been responsible for answering, screening and relaying calls, assisting in processing new prisoners and checking on prisoners each half hour. Having been part of the bargaining unit since its inception in 1983, the dispatchers had manned the desk for over fourteen years. No prior notice was given, nor was any attempt made to bargain over the change. The union filed an unfair labor practice charge with the PLRB on the basis that the City violated Section 6(1)(e) of the Labor Relations Act[1] by, *inter alia,* refusing to bargain with the union concerning the reassignment of the dispatching work. The PLRB determined that, although the reassignment of police officers to street patrol was an inherent managerial prerogative guaranteed by Section 2001 of the Third Class City Code,[2] the unilateral decision to

---

[1] Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §211.6(1)(e).

[2] Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §37001.

remove the dispatch/warden duties from the bargaining unit's work and transfer it to outside personnel violated the City's obligation to collectively bargain. The PLRB stated that the City could file a unit clarification request to bring the dispatcher role before the PLRB, but could not unilaterally redefine the bargaining unit by removing therefrom positions or functions performed by unit members. Accordingly, the City was ordered to rescind the emergency proclamation, reinstate the work, and offer to bargain with the union over the transfer of work outside the unit.

The City agrees that the initial decision to transfer the police personnel to street duty was within its inherent managerial prerogative. It contends, however, that pursuant to Section 702 of Pennsylvania's Public Employes' Labor Relations Act (PERA),[3] the decision to replace the dispatchers with fire personnel was also within its managerial prerogative. It argues that, under *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975), the PLRB should have weighed the non-bargainable Section 702 interests against those bargainable under Section 701 of PERA, 43 P.S. §1101.701.

The balancing of considerations under PERA as set forth in the *State College* case is not pertinent here, however, inasmuch as this matter concerns police and fire personnel, and is consequently within the scope of the Act of June 24, 1968, (Act 111), P.L. 237, 43 P.S. §§217.1-217.10. Under Act 111, of course, a topic of management action is deemed bargainable where it bears a rational relationship to employees' duties. *International Assn. of Firefighters v. City of Scranton*, 59 Pa. Commonwealth Ct. 235, 429 A.2d 779 (1981). We further note that it is the PLRB which is qualified to deter-

---

[3] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.702.

mine the appropriateness of a particular bargaining unit. *Philadelphia Fire Officers Union Appeal,* 83 Pa. Commonwealth Ct. 274, 477 A.2d 47 (1984). In this instance, deferral to the expertise of the PLRB would indicate that the transfer of work formerly done exclusively by bargaining unit employees to non-unit personnel was a proper subject for collective bargaining.

In furtherance of its contention that the dispatch work could be unilaterally assigned to firemen, the City also argues that the dispatcher position was not included within the bargaining unit. The PLRB found otherwise, however, and its factual findings have not been challenged here. As the PLRB observed, the record indicates that the dispatcher/warden functions have been performed by police officers for fourteen years, and that all police officers and the work they performed were included in the bargaining unit certified by the PLRB in 1983. A public employer may not, in an attempt to side-step an unfair practice charge, unilaterally redefine a bargaining unit by removing therefrom certain positions or functions performed by its members. *AFSCME v. Bensalem Township,* 92 Pa. Commonwealth Ct. 189, 498 A.2d 1014 (1985). The PLRB's conclusion that the City's unilateral action is an attempt to avoid having to request clarification of the dispatchers' status, as well as an effort to avoid the obligation to bargain with the union, is supported by the record.

For fourteen years, the dispatchers were police personnel who also assisted in processing prisoners and monitoring their status while in custody. Moreover, they were within the bargaining unit when it was certified. If the City did not agree with such a designation, it could have appealed the 1983 certification, but it may not collaterally challenge that designation through its unilateral actions.

We will, therefore, affirm the order of the PLRB.

ORDER

AND NOW, this 22nd day of July, 1987, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.

Judge MACPHAIL dissents.