## FRACKVILLE BOROUGH POLICE DEPARTMENT, Petitioner,

v.

## PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Oct. 16, 1997.

---

Sean T. Welby, Harrisburg, for petitioner.

Peter Lassi, Harrisburg, for respondent.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Frackville Borough Police Department (Police Department) petitions for review of an order of the Pennsylvania Labor Relations Board (PLRB) which dismissed a charge of unfair labor practices against Frackville Borough (Frackville).

The factual and procedural history is as follows. On or about December 18, 1995, the PLRB issued a complaint and notice of hearing pursuant to a charge of unfair labor practices filed by the Police Department. The specification of charges filed by the Police Department stated as follows:

1. Complainant, the Frackville Borough Police Department, represents the bargaining unit consisting of all sworn police officers employed by the Borough of Frackville (Borough) pursuant to Act 111 of 1968 and the Pennsylvania Labor Relations Act (PLRA).

2. The Respondent, Borough of Frackville, is the public employer of complainant's members within the meaning of those two Acts.

3. As a term and condition of employment, bargaining unit members belong to the police pension plan, which maintains the police pension fund (fund) for the benefits of bargaining unit members.

4. Performance of the police pension fund directly impacts bargaining unit members as contributions, levels of benefits and actuarial soundness. Performance of the fund is controlled directly by the fund manager.

5. For at least 20 years prior to November 20, 1995, the police pension fund was managed by Meridian Bank with the acquiescence of both the police and the Borough.

6. On or about November 20, 1995, the Borough unilaterally changed management of the fund from Meridian Bank to Pennsylvania National Bank without fulfilling its duty to bargain with the police, either as to the modification or impact of that modification.

WHEREFORE, the Respondent has committed unfair labor practices in violation of Act 111 of 1968 and Section 6(1)(a) and (e) of the Pennsylvania Labor Relations Act. Complainant requests all appropriate relief.

See Attachment to Charge of Unfair Labor Practices.

A hearing was held on August 21, 1996. Thereafter, on December 11, 1996, a hearing examiner for the PLRB filed a proposed decision and order directing Frackville to cease and desist from refusing to bargain collectively and to rescind the decision to use Pennsylvania National Bank as the pension plan manager and to use Meridian Bank as the pension plan manager. Frackville filed exceptions to the proposed decision and order. On March 18, 1997, the PLRB issued a Final Order which vacated and set aside the proposed decision and order and directed that the charge of unfair labor practices be dismissed. It is from this Final Order that the Police Department appeals.

The sole issue presented for our consideration is whether the PLRB erred in concluding that Frackville did not commit an unfair labor practice by changing the pension plan manager without bargaining with the Police Department. Our review of the decision of the PLRB is limited to a determination of whether there was a constitutional violation, an error of law, and whether necessary findings of fact are supported by substantial evidence. *Pennsylvania State Troopers' Association v. Pennsylvania Labor Relations Board*, 671 A.2d 1183 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 545 Pa. 657, 680 A.2d 1164 (1996). Here, only an error of law is at issue.

▮▮▮ The Police Department contends that the PLRB erred because Act 111 [1] mandates that pensions are a subject of bargaining and Frackville committed an unfair labor practice by failing to bargain with the bargaining agent of the Police Department prior to implementing a change regarding the pension fund. The PLRB determined that this case does not involve one of the matters made expressly bargainable in Section 1 of Act 111 and that the action by Frackville did not directly affect pensions because the mere appointment of a new pension fund manager did not effect a change in existing pension benefits or the required rate of contributions by employees. Because this case does not involve one of the matters expressly bargainable under Act 111, the PLRB concluded that it must utilize:

the applicable test for determining the scope of mandatory collective bargaining for employers and employes covered by that act, which is whether the matter at issue is rationally related to the employes' duties. *City of Clairton v. PLRB*, [107 Pa.Cmwlth. 561], 528 A.2d 1048 (Pa. Cmwlth.1987). Moreover, in applying the rational relationship test [2], the employer's managerial objectives need not be ignored. *Township of Upper Saucon v. PLRB*, [152 Pa.Cmwlth. 530], 620 A.2d 71 (Pa.Cmwlth. 1993); *City of Philadelphia v. PLRB*, [138 Pa.Cmwlth. 113], 588 A.2d 67 (Pa.Cmwlth. 1991), *appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991). Thus, a particular subject may be a managerial prerogative which need not be bargained, even though it affects employe wages, hours or working conditions....

See Final Order of PLRB at pp. 2–3. (Footnote added.)

We agree. Section 1 of Act 111 states that policemen or firemen "have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits". 43 P.S. 217.1. Regarding Section 1, this Court has previously determined that "[t]hese are words of limitation defining ... a 'limited category of issues on which the public employer is required to bargain.'" *Philadelphia v. Pennsylvania Labor Relations Board*, 138 Pa.Cmwlth. 113, 588 A.2d 67 (1991).

Act 111 does not make any reference to administration of pension funds. Thus, case law and Act 111 indicate that matters of managerial policy are not subject to bargain-

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. § 217.1—217.10.

2. Under Act 111, management actions are deemed bargainable where they bear a rational relationship to the employees' duties. *Clairton v.*

*Pennsylvania Labor Relations Board*, 107 Pa. Cmwlth. 561, 528 A.2d 1048 (1987) citing *International Association of Fire Fighters v. Scranton*, 59 Pa.Cmwlth. 235, 429 A.2d 779 (1981).

ing. 43 P.S. 217.1–217.10; *Philadelphia v. Pennsylvania Labor Relations Board.* The choice of a pension plan manager is clearly within the managerial policy exception to collective bargaining. While pensions contain many aspects which are subject to bargaining, the choice of a pension plan administrator is not one of them; it is an administrative matter.

In *City of Pittsburgh v. Pennsylvania Labor Relations Board,* 539 Pa. 535, 653 A.2d 1210 (1995), the Supreme Court held that the establishment of a revised pension benefit plan was not a mandatory subject of bargaining. Similarly, neither is the selection of a different pension plan administrator by Frackville a mandatory subject of bargaining.

Accordingly, we affirm the order of the PLRB dismissing the unfair labor practices charge against Frackville.

### ORDER

AND NOW, this 16th day of October, 1997, the March 18, 1997 order of the Pennsylvania Labor Relations Board is affirmed.