791 So.2d 508 (2001)
CITY OF JACKSONVILLE, Appellant,
v.
JACKSONVILLE SUPERVISOR'S ASSOCIATION, INC., Appellee.
No. 1D00-1865.
District Court of Appeal of Florida, First District.
July 17, 2001.
Rehearing Denied August 20, 2001.
*509 Richard A. Mullaney, General Counsel and Steven E. Rohan, Deputy General Counsel, City of Jacksonville, Jacksonville; and Leonard A. Carson and Lucille E. Turner of Carson & Adkins, Tallahassee, for Appellant.
Thomas W. Brooks of Meyer and Brooks, P.A., Tallahassee, for Appellee.
VAN NORTWICK, J.
The City of Jacksonville (the City) challenges a final order of the Public Employees Relations Commission (PERC) which ruled that the City had committed unfair labor practices in refusing to bargain with the appellee, Jacksonville Supervisor's Association, Inc. (JSA), in connection with a departmental reorganization by the City. We reverse that part of the order on appeal which finds that the City committed an unfair labor practice when, as a part of departmental reorganizations, it deleted three positions in a bargaining unit and created positions outside of the bargaining unit, because the ruling is contrary to section 447.209, Florida Statutes (1999). We affirm that part of the order which finds that the City committed an unfair labor practice in failing to respond to a request for information by the JSA concerning the reorganization.
In 1999, the City reorganized three departments. In connection with this reorganization, the City deleted three positions within a bargaining unit represented by the JSA and created positions outside of the bargaining unit. Thus, as a result of the departmental reorganizations, the bargaining unit lost three positions. In its amended complaint, JSA alleged that the City committed unfair labor practices in unilaterally reorganizing its departments and in failing to respond to a request for information regarding its reorganization.
The matter proceeded to an administrative hearing, following which the hearing officer issued a recommended order finding, in part, as follows:
The Commission has long held that the abolishment and creation of bargaining unit positions are within the scope of management rights enumerated within Section 447.209 and are not a required subject of bargaining. NAGE v. City of Casselberry, 10 FPER ¶ 15205 (1984). Further, it has long been held that the promotion to a supervisory position outside a rank-and-file bargaining unit is non-negotiable as a management right and outside the definition of "terms and conditions of employment" of members of the bargaining unit. City of Orlando v. Orlando Professional Fire Fighters, Local 1365, 442 So.2d 238 (Fla. 5th DCA 1983), rev'g 9 FPER ¶ 14076 (1983); City of Orlando v. PERC, 435 So.2d 275 (Fla. 5th DCA 1983), rev'g 8 FPER ¶ 13045 (1981).
However, the ability to abolish bargaining unit positions and promote employees to supervisory classifications are subject to a public employer's duty to "impact" bargain about the effects of these changes upon the bargaining unit's wages, hours, and other terms and conditions of employment. See, e.g., IAFF, Local 2416 v. City of Cocoa, 14 FPER ¶ 19311 at 689-90 (1988), aff'd, 545 So.2d 1371 (Fla. 1st DCA 1989)(impact bargaining obligation discussed in context of management decision concerning the number of employees working); Seminole County Professional Firefighters Association, Local 3254 v. Seminole *510 County Board of County Commissioners, 19 FPER ¶ 24062 at 129 (1993)(discussion of the obligation to bargain over the impact upon bargaining unit members of promotions outside the bargaining unit to supervisory classifications).... the Commission has held that there is no unlawful refusal to bargain where it is clear that the establishment of a classification involves a position which would not have been included into the union's bargaining unit in the first instance. See LIUNA Public Employees Local 678 v. City of Orlando, 17 FPER ¶ 22038 (1991). This is because, as previously stated, a public employer does not have to bargain over its decision to create job classifications outside the bargaining unit, if that creation is more than a re-titling. IAFF, Local 2577 v. Lehigh Acres Board of Fire Commissioners, 10 FPER ¶ 15166 (1984). If the new classification lacks any community of interest with the employees in the bargaining unit represented by JSA, the City had no duty to bargain with the JSA over the newly created positions. In this regard, the JSA has the ultimate burden to show that there is an unfair labor practice in refusing to bargain about the new classifications.
The hearing officer further found that the creation of each of the three positions outside of the bargaining unit was not merely a re-titling of the bargaining unit positions abolished. Thus, the hearing officer concluded that the City did not violate section 447.501(1)(a) and (c) "by unilaterally transferring bargaining work." The hearing officer did find, however, that the City committed an unfair labor practice when it refused to provide information to JSA about the job duties of the positions abolished as well as the positions created.
Each side filed exceptions to the recommended order, and the matter preceded to a hearing before PERC. In its final order, PERC ruled that the City had engaged in an unfair labor practice by not participating in "impact bargaining" over the transfer of bargaining unit work outside of the bargaining unit. In finding that proof of the loss of unit work is sufficient to establish a bargaining duty, PERC relied on cases from other jurisdictions. See New Bedford Police Union v. City of New Bedford, 15 M.C.L. § 1732 (Mass.1989); City of Clairton Police Wage and Policy Unit v. City of Clairton, 17 PPER § 17077 (Pa. 1986), aff'd, 107 Pa.Cmwlth. 561, 528 A.2d 1048, (1987); In Re Niagara Frontier Transp. Auth., 18 PERB § 3083 (N.Y. 1985), and In Re Kendall College, 228 NLRB 1083 (1977), enf'd, 570 F.2d 216 (7th Cir.1978).
PERC also determined that a public employer can satisfy its bargaining obligation when it provides "notice and a reasonable opportunity to bargain before implementing its decision" but this "opportunity does not require the employer to submit to an impasse in negotiations to the statutory resolution process prior to implementation." PERC explained:
[W]e have not overlooked the City's contention that Section 447.209, Florida Statutes (public employer's rights), forecloses bargaining over the transfer of unit work to its non-unit employees. However, this position is viable only if the Commission accepts the City's premise, that the transfer of work is a management right which it may determine unilaterally, rather than only an effect of its prerogative to unilaterally delete and create employee positions. We do not accept the premise but rather view the transfer of unit work to the City's nonunit employees as an effect of the implementation of a management decision which must be bargained. For this reason, we are simply applying the court's *511 holding in Orange County School Board v. Palowitch, 367 So.2d 730 (Fla. 4th DCA 1979), that the right of ultimate decision-making does not instill in the employer the right of unilateral action without bargaining over the effects of implementing its decision on the wages, hours, and terms and conditions of employment of unit employees, to include the transfer of unit work as an additional negotiable effect.
The City appealed.
Section 447.309(1), Florida Statutes (1999), provides that a public employer has the obligation to bargain collectively "in the determination of wages, hours and terms and conditions of employment of the public employees within the bargaining unit." Notwithstanding such obligation, section 447.209, Florida Statutes (1999), provides that it is "the right of the public employer to determine unilaterally the purpose of each of its constituent agencies, set standards of service to be offered to the public and exercise control and discretion over its organization and operations." (Emphasis added). We agree with the City that by granting this discretion to the public employer, section 447.209 rejects the concept of impact bargaining with respect to good faith changes in a public employer's organization and operations, unless those charges impact the determination of wages, hours, and terms and conditions of employment of employees within the bargaining unit.
Our interpretation of section 447.209 is consistent with past PERC decisions. In Amalgamated Transit Union Local # 1593 v. Hillsborough Area Reg'l Transit Auth., 24 F.P.E.R. ¶ 29247 (1998), aff'd, 742 So.2d 380 (Fla. 1st DCA 1999), PERC ruled, and this court affirmed, that public employers have the unilateral right to subcontract and that public employers are not obligated to bargain with unions as to whether subcontracting should be undertaken. In Amalgamated, PERC explained:
[B]ecause the decision to subcontract is largely a political question addressed in a political arena following notice, we do not consider it to be well suited for collective bargaining. A public employer should have the authority to decide to change the "nature or direction" of its business, and must be able to freely do so to restructure the organization of its operations.
24 F.P.E.R. ¶ 29247 at 396-97.
In the order on appeal, in ruling that the City had a duty to bargain over the elimination of unit work and the creation of non-unit positions, PERC's decision was based on its recognition of "the interest unions have in retaining bargain work for members of their bargaining units" and its conclusion that "the employee rights of organization and representation may be diminished by reducing the scope of the bargaining unit" by the transfer of work to positions outside of the bargaining unit as part of the City's departmental reorganization. There is no dispute, however, that the City's actions had any impact upon the wages, hours, or terms and conditions of employment of any of the employees in the bargaining unit.
We hold that PERC's ruling is contrary to the express provisions of section 447.209 and Amalgamated, and is not premised upon any provision within chapter 447, Florida Statutes. It is axiomatic that statutorily-created agencies have only such power as is conferred by statute. See Mathis v. Florida Dep't of Corrections, 726 So.2d 389, 391 n. 4 (Fla. 1st DCA 1999).
*512 Further, we do not find persuasive the cases from other jurisdictions upon which PERC relied. Only one of the cited jurisdictions, Pennsylvania, has a statutory provision similar to section 447.209, see 43 Pa. Cons.Stat. Ann. § 1101.702,[1] and the Pennsylvania case relied upon by PERC, City of Clairton, 107 Pa.Cmwlth. 561, 528 A.2d 1048 (1987)is clearly distinguishable from the case before us. In Clairton, the Pennsylvania Labor Relations Board did conclude that the City of Clairton's decision to transfer police dispatching duties to personnel outside of the police bargaining unit was an unfair labor practice. 528 A.2d at 1050. This conclusion, however, was not based upon a finding that the City's transfer of duties created a bargainable impact. Rather, the reviewing court found that the City of Clairton had unilaterally redefined the bargaining unit, an action it was required to bring before the Labor Relations Board. Id. at 1049-1050.
Accordingly, that part of PERC's order which finds an unfair labor practice in the City's unilateral department reorganization exceeds the scope of PERC's authority and is reversed. The City has not challenged that part of PERC's order which found that the City has committed an unfair labor practice in failing to provide information requested by JSA concerning the elimination of bargaining unit positions and the creation of positions outside of the bargaining unit. Thus, this ruling in the order on appeal is not disturbed by our decision.
The final order is REVERSED in part, and AFFIRMED in part.
BOOTH and KAHN, JJ., concur.
NOTES
[1] Section 1101.702 of Title 43 of the Pennsylvania Consolidated Statutes provides:

§ 1101.702. Matters not subject to bargaining
Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employee representatives.