**PENNSYLVANIA STATE TROOPERS ASSOCIATION, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued July 10, 2002.

Decided Aug. 20, 2002.

Anthony M. Caputo, Harrisburg, for petitioner.

Jennifer E. Will, Harrisburg, for respondent.

Patricia J. Goldband, Harrisburg, for intervenor, Pa State Police.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY PRESIDENT JUDGE COLINS.

Before the Court is an Act 111[1] proceeding involving the Pennsylvania State

---

1. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

Troopers Association (PSTA) and the Pennsylvania Labor Relations Board (PLRB). PSTA petitions for review of the final order of the PLRB dismissing a charge of unfair labor practices against the Commonwealth of Pennsylvania, the Pennsylvania State Police (State Police), and rescinding the complaint issued thereon. For the reasons set forth below, we affirm the PLRB's holding that the Commonwealth did not commit an unfair labor practice when it distributed a memorandum to the bargaining unit members which formulated and presented to the bargaining unit a physical fitness program for all members, where the collective bargaining agreement (CBA) provides that the Commonwealth is authorized to formulate and present to PSTA a complete physical fitness program.

PSTA represents the Pennsylvania State Troopers for purposes of collective bargaining. PSTA does not challenge the findings of fact adopted by the PLRB; therefore, the facts of record are those set forth in the decision of the hearing examiner. Those facts are that PSTA and the Commonwealth are parties to a collective bargaining agreement, which provides that a physical fitness committee shall be established to develop a mutually acceptable program of physical fitness for the members of the bargaining unit. If no agreement is reached, the Commonwealth shall formulate a program and submit it to the bargaining unit. Within ten days, the bargaining unit shall accept or object to the program; objections shall be resolved through mandatory arbitration. (Article 44 of the CBA).

The Committee having failed to reach an agreement, therefore the Commonwealth developed a request for proposal (RFP) in order to select a vendor to establish standards and notified the PSTA of the RFP by letter of June 25, 1998. The Commonwealth notified PSTA that Fitness Intervention Technologies (FIT) was to develop physical fitness standards for cadets, liquor enforcement officers, and incumbent state police members. Initially, PSTA objected to a survey of the membership; that objection was resolved when both parties met on January 11, 1999. (Hearing Examiner Finding No. 6.) The meeting was memorialized in a letter dated February 11, 1999, wherein it was stated that an agreement to survey the membership had been reached. Further, in the letter the Commonwealth notified PSTA that in order for FIT to develop valid physical performance standards and tests, FIT was going to develop job task simulations in which 200 randomly selected members were to participate. Thereafter, correlations were to be developed to determine what level of performance would be necessary to meet the essential functions of these jobs. The job task simulations were postponed until February 2000.

■ On June 8, 1999, the Secretary of the Board issued a complaint in which it was alleged that the Commonwealth violated Section 6(1)(a) and (e) of the Pennsylvania Labor Relations Act (PLRA)[2] and Act

---

2. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.6, provides in relevant part:
   § **211.6 Unfair labor practices**
   (1) It shall be an unfair labor practice for an employer—

(a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.
   * * *

111[3] when it unilaterally implemented a program of physical fitness for members of the bargaining unit. With the complaint pending, the physical fitness surveys were completed, and the simulations were conducted in February 2000. On March 21, 2000, the Commonwealth notified PSTA that it was ready to present a complete physical fitness program to the Association. On April 27, 2000, PSTA sought an injunction pending outcome of the PLRB proceedings. Then Judge Colins[4] granted the requested relief. Subsequently, a hearing on the unfair labor practices complaint was held on August 8, 2000. A proposed decision and order issued on September 12, 2001, concluding that the parties had clearly bargained the issue of a physical fitness policy since the language in the dispute is part of the parties' CBA. The hearing examiner concluded that Commonwealth had not committed unfair labor practices within the meaning of Section 6(1)(a) and (e) of the PLRA and Act 111. The PLRB affirmed, and the matter is now before Commonwealth Court.[5]

As set forth in its brief to this Court, the questions presented by PSTA are:

Whether the Commonwealth has established a sound arguable basis grounded in contractual privilege to implement a physical fitness program?

Whether the Commonwealth's actions constituted the unlawful repudiation of the relevant terms of the parties' collective bargaining agreement?

Whether the creation of a physical fitness program is a procedural assessment and constitutes a mandatory subject of bargaining, which may not be unilaterally implemented by the Commonwealth without bargaining with the PA State Troopers Assoc (PSTA)?

(Brief of Petitioner, p. 4.)

■ There being no facts in dispute, the issue is whether the PLRB erred as a matter of law in concluding that the Commonwealth did not commit unfair labor practices. *Pa. State Troopers Association v. Pennsylvania Labor Relations Board,* 761 A.2d 645 (Pa.Cmwlth.2000). While the interpretation of a CBA is generally reserved for the grievance arbitrator, the PLRB will review an agreement to determine whether the employer has repudiated the provisions of the CBA because such repudiation may constitute both an unfair labor practice and a grievance. *Id.; Ellwood City Police Wage and Policy Unit v. Pennsylvania Labor Relations Board,* 736 A.2d 707 (Pa.Cmwlth.1999). Where the CBA evidences negotiation and agreement on the matter at issue, this Court has

---

(e) To refuse to bargain collectively with the representatives of his employes, subject to the provisions of section seven (a) of this act....

3. Section 1 of Act 111, 43 P.S. § 217.1, states in relevant part:
   Policemen ... employed by a political subdivision of the Commonwealth ... shall ... have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits ...

4. Judge Colins was elected President Judge of the Commonwealth Court of Pennsylvania on January 7, 2002.

5. This Court's scope of review from a final order of the PLRB is limited to determining whether constitutional rights were violated, whether there was an error of law, or whether substantial evidence supports the findings of fact. *Ellwood City Police Wage and Policy Unit v. Pennsylvania Labor Relations Board,* 736 A.2d 707 (Pa.Cmwlth.1999).

sustained the PLRB's reliance on the defense of contractual privilege. *Id.*

Article 44 of the CBA states:

*Section 5.* If after a good faith effort the Committee is unable to reach agreement upon the terms of the physical fitness program, the Commonwealth shall be permitted to formulate and present the fitness program that it intends to implement within the bargaining unit. If the PSA believes that such program is, in whole or in part, unreasonable, it shall so advise the Commonwealth within ten (10) business days of its receipt and shall include within such notice the reason or reasons for its objection. If the Commonwealth so chooses, it may then seek arbitration of the dispute as provided in Article 28.

Clearly, Article 44 of the CBA permits the Commonwealth to formulate and present to PSTA a complete physical fitness program in the event that the committee fails to reach agreement. Therefore, the PLRB committed no error in concluding that the Commonwealth had a sound arguable basis in the language of the CBA to support its contention that the action was permissible under the CBA. Furthermore, the argument of PSTA that the Commonwealth implemented an actual physical fitness program is a mischaracterization of the facts of record. The only facts of record indicate that the Commonwealth took steps to formulate a program. Once a program is formulated, the CBA provides the mechanism to arbitrate issues related to the actual program.

PSTA has presented no meritorious issues for review; accordingly, the decision of the PLRB is affirmed.

Judge COHN did not participate in the decision of this case.

### ORDER

**AND NOW,** this 20th day of August 2002, the order of the Pennsylvania Labor Relations Board entered in the above-captioned matter is **AFFIRMED.**