Mr. Bruce W. Jolly Legal Advisor City of Fort Lauderdale Code Enforcement Board 1322 Southeast Third Avenue Fort Lauderdale, Florida 33316
Dear Mr. Jolly:
You have asked for my opinion on substantially the following question:
Is a code enforcement board authorized to reduce a fine for noncompliance with an order of the board after that order has been recorded pursuant to section 162.09(3), Florida Statutes?
In sum:
A code enforcement board is not authorized to reduce a fine for noncompliance with an order of the board after that order has been recorded pursuant to section 162.09(3), Florida Statutes. Rather, upon being recorded, such an order becomes a lien that may only be compromised, satisfied or released by the local governing body.
The purpose of Part I of Chapter 162, Florida Statutes, the Local Government Code Enforcement Boards Act (act), is "to provide an equitable, expeditious, effective, and inexpensive method of enforcing . . . codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1] In order to accomplish this purpose, the act authorizes a county or municipality, at its option, to create local code enforcement boards as provided therein.[2] Such code enforcement boards possess the authority to impose administrative fines and other noncriminal penalties.[3]
Section 162.09, Florida Statutes, makes provision for the administrative fines that may be imposed by the code enforcement board, authorizes local governments to make repairs to property in violation of local codes and provides for the recording of liens against property upon which a violation exists or other property owned by the violator. With regard to imposing fines, pursuant to section 162.09(2)(a), Florida Statutes: A fine imposed pursuant to this section shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation, and, in addition, may include all costs of repairs pursuant to subsection (1). However, if a code enforcement board finds the violation to be irreparable or irreversible in nature, it may impose a fine not to exceed $5,000 per violation.
This subsection provides criteria that must be considered by a code enforcement board in determining the amount of the fine.[4] The statute also specifically empowers a code enforcement board to "reduce a fine imposed pursuant to this section."[5]
Section 162.09(3), Florida Statutes, states, in part:
"A certified copy of an order imposing a fine, or a fine plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order shall be enforceable in the same manner as a court judgment by the sheriffs of this state, including execution and levy against the personal property of the violator, but such order shall not be deemed to be a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit filed pursuant to this section, whichever occurs first. A lien arising from a fine imposed pursuant to this section runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section."
Thus, the statute establishes that the lien that results from a fine imposed pursuant to section 162.09, Florida Statutes, is granted in favor of the local governing body. It is the governing body that has the power to determine whether the lien has been satisfied and that may execute the legal satisfaction or release from the lien.
In several previously issued Attorney General Opinions this office has discussed the authority of local code enforcement boards to reduce the fines imposed by the board pursuant to section 162.09, Florida Statutes. In Attorney General Opinion 98-40 it was noted that while section 162.09(2) provides that a code enforcement board may reduce a fine imposed pursuant to the statute, amendments made in 1994 provide that a lien arising from such a fine "runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section." Thus, the opinion concludes that, in addition to the code enforcement board itself, the board of county commissioners has the authority to reduce or satisfy a fine imposed by the county code enforcement board.[6] A subsequent opinion, Attorney General Opinion 98-50, reconfirmed the code enforcement board's authority to reduce fines in light of the 1994 statutory amendments to section 162.09, Florida Statutes.
Two later opinions considered the nature of the liens authorized by section 162.09(3), Florida Statutes. In Attorney General Opinion 99-03 this office discussed whether a city could enter into collection agreements with a private collection agency allowing the agency to compromise code enforcement board liens and to pursue collection through litigation. Focusing on the authority of local governments to compromise and settle litigation and the home rule powers of municipalities, the opinion concluded that a municipality was authorized to enter into an agreement with a collection agency to settle or compromise outstanding liens from code enforcement violations and to pursue collection through litigation.
In Attorney General Opinion 01-09, a city official asked whether it had the power to auction its code enforcement board liens arising under Part I, Chapter 162, Florida Statutes, to private parties. The city official had determined that foreclosing on the large number of liens it had imposed would be impractical and sought to determine whether the liens could be auctioned to private bidders who could then foreclose on the property. The money raised by these auctions was to be used for neighborhood improvements. Noting that the arrangement discussed in Attorney General Opinion 99-03 did not result in the complete divestiture of these liens by the local governing body to a private party, this office concluded that the statutory scheme did not contemplate the enforcement of liens, or the issuance of satisfaction or release of code enforcement board liens, by private third parties outside the control of the local governing body. Thus, while it was suggested that the city might contract with a collection agency to pursue collection of code enforcement board liens on the city's behalf, the opinion concluded that the city was not authorized to auction its code enforcement board liens to private parties for foreclosure.
Section 162.09(3), Florida Statutes, clearly provides that "[a] lien arising from a fine imposed pursuant to this section runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section." Because a lien under section 162.09(3), Florida Statutes, runs in favor of the local governing body, it is my opinion that only the governing body may compromise, satisfy or release such a lien. While section162.09(2)(c), Florida Statutes, authorizes an enforcement board to reduce a fine imposed pursuant to this section, nothing in the statute appears to extend that authority to reducing the amount of a lien created when a certified copy of an order imposing a fine has been recorded in the public records. Statutorily-created agencies have only such power as is conferred by statute.[7]
In sum, it is my opinion that a code enforcement board is not authorized to reduce a fine for noncompliance with an order of the board after that order has been recorded pursuant to section 162.09(3), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Sections 162.01 and 162.02, Fla. Stat.
[2] Section 162.03(1), Fla. Stat.
[3] Section 162.09, Fla. Stat.
[4] Section 162.09(2)(b), Fla. Stat., states that
"In determining the amount of the fine, if any, the enforcement board shall consider the following factors: 1. The gravity of the violation; 2. Any actions taken by the violator to correct the violation; and 3. Any previous violations committed by the violator."
[5] Section 162.09(2)(c), Fla. Stat.
[6] The amendments made in 1994 addressed a problem pointed out in Op. Att'y Gen. Fla. 93-91 (1993). That opinion concluded, based on the language of section 162.09, Fla. Stat. (1993), that a city council had no authority to reduce a fine imposed by a municipal code enforcement board. Rather it was the code enforcement that possessed sole authority to reduce such a fine and execute a satisfaction or release of lien.
[7] See, City of Jacksonville v. Jacksonville Supervisor'sAssociation, Inc., 791 So.2d 508 (Fla. 1st DCA 2001), and see, State exrel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974) (administrative bodies have no common-law powers; they are creatures of the legislature and what powers they have are limited to the statutes that create them.).